No. 21-3145

In the
# United States Court of Appeals
for the
# Tenth Circuit

### SUSAN NORWOOD
*Plaintiff-Appellant*

v.

### UNITED PARCEL SERVICE, INC.
*Defendant-Appellee*

On Appeal from the United States District Court for the District of Kansas
Case No. 2:19-cv-02496
The Honorable Daniel D. Crabtree, United States District Judge

## APPELLANT NORWOOD'S REPLY BRIEF
**Oral Argument Requested**

LUTHER ONEAL SUTTER (Ark 95031)
10th Circuit Bar No. 95031
**SUTTER & GILLHAM, P.L.L.C.**
P.O. Box 2012
Benton, AR 72018
(501) 315-1910

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. 2

INTRODUCTION .................................................................................................. 3

ARGUMENT .......................................................................................................... 4

    I.    UPS NEVER OFFERED A NOTETAKER TO MS. NORWOOD ........ 4

    II.    UPS FAILS TO ACKNOWLEDGE THE MATERIALITY OF NARIMATSU ................................................................................................ 9

CONCLUSION .................................................................................................... 13

STATEMENT REGARDING ORAL ARGUMENT ........................................... 14

CERTIFICATE OF SERVICE & COMPLIANCE .............................................. 15

# TABLE OF AUTHORITIES

**A.  Cases**                                                                                                   **Page(s)**

*Bones v. Honeywell Intern., Inc.*,
   366 F.3d 869 (10th Cir. 2004) ............................................................... 9,10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................ 11

*Crump v. U.S. Dept. of Navy by and through Mabus*,
   2:13CV707, 2016 WL 8469188 (E.D. Va. Nov. 30, 2016) .................... 7,8

*Fye v. Okla. Corp. Comm'n*,
   516 F.3d 1217 (10th Cir.2008) ................................................................. 9

*Herrmann v. Salt Lake City Corp.*,
   21 F.4th 666 (10th Cir. 2021) ................................................................... 4

*Jarrett v. Sprint/United Mgmt. Co.*,
   37 F. Supp. 2d 1283, 1285 (D. Kan. 1999),
   aff'd, 203 F.3d 835 (10th Cir. 2000) ................................................... 10,11

*Lowe v. Indep. Sch. Dist. No. 1 of Logan County*,
   363 Fed. Appx. 548 (10th Cir. 2010)(unpublished) ................................ 5

*Smith v. Midland Brake, Inc.*,
   180 F.3d 1154 (10th Cir. 1999) (en banc) ............................................ 4,5

*Yousuf v. Cohlmia*,
   741 F.3d 31, 37 (10th Cir.2014) ........................................................ 9,13

**B.  Statutes and Rules**

29 C.F.R. § Pt. 1630, App. ............................................................................ 7

# INTRODUCTION

Susan Norwood worked for UPS for most of her adult life. When her parents became ill, she encountered depression that she had never experienced before. **APX 2978-2879.** Despite being a stellar employee for most of her career, her performance began to suffer as a result of her depression. **APX 1767.** So, she requested an accommodation from UPS. **APX 3853 & 3856.** Her accommodation of choice was a tape recorder. **APX 3857.** The parties began the interactive process, but UPS never fulfilled their obligations. Ms. Norwood gave UPS all the required information, and unbeknownst to her, UPS approved a notetaker for her. UPS never communicated its approval to Ms. Norwood. **APX 224-225, 1683, & 2727.** Unfortunately, a reasonable juror could find UPS chose to engage in a game of cat and mouse with Ms. Norwood whereby Ms. Norwood would begin to negotiate with herself.

Indeed, the UPS employee charged with coordinating the ADA process, Gayle Narimatsu, agreed Eric Day's deceptive behavior is inherent bad faith by UPS and their own. **APX 1623**. How could she not? Deception is the antithesis of good faith. Ms. Norwood became increasingly frustrated by UPS's unwillingness to answer her questions about what UPS proposed. She eventually checked herself into a mental health facility because she began to have a nervous breakdown. **APX 2830.** UPS knew this and did nothing. Instead, UPS placed the accommodation on a litigation hold in August 2018 that lasted well into the pendency of this litigation. **APX 1672-**

3

**73.** This litigation hold meant that Ms. Norwood's accommodation request would never reach finality. *Id.* But she did not know this. So, after writing one last letter with no appropriate response from UPS, she involuntarily retired from UPS in April 2019. **APX 1673.** The District Court refused to consider Ms. Norwood's summary judgment motion and granted summary judgment in favor of UPS on Ms. Norwood's failure to accommodate claim. **APX 4024.** The District Court refused to consider evidence in favor of Ms. Norwood and granted improper inference in favor of UPS. This Court should reverse.

## ARGUMENT

### I. UPS NEVER OFFERED A NOTETAKER TO MS. NORWOOD

This Court has never excused deception in the good faith interactive process. Inherent within the American with Disabilities Act is the requirement that an employer must offer a reasonable accommodation to an otherwise qualified disabled employee. *Herrmann v. Salt Lake City Corp.*, 21 F.4th 666, 674 (10th Cir. 2021). This Court has held that "an employer discriminates against a qualified individual with a disability if the employer fails to offer a reasonable accommodation." *Smith v. Midland Brake, Inc., a Div. of Echlin, Inc.*, 180 F.3d 1154, 1169 (10th Cir. 1999). Summary judgment is never proper when there is a material fact in dispute. *Id.* More simply, "a question of fact as to whether an employer has failed to interact in good faith and thus failed to reasonably accommodate will preclude summary judgment

for the employer." *Lowe v. Indep. Sch. Dist. No. 1 of Logan County*, 363 Fed. Appx. 548, 552 (10th Cir. 2010)(unpublished). Viewing the evidence in a light most favorable to Ms. Norwood, UPS never offered Ms. Norwood a notetaker, and a reasonable juror could find deception.

At a minimum, this is a material fact in dispute requiring a denial of summary judgment. UPS categorizes the interactive process as ongoing, but that is an inference in its favor at best. At worst, the District Court inappropriately weighed the evidence that Eric Day lied to Ms. Norwood and her husband and granted summary judgment based on those credibility determination. By June 28, 2018, UPS had collected all required information and determined that a notetaker was a reasonable accommodation. **APX 3979.** All that was left to do was offer this to Ms. Norwood. UPS failed to do so precluding summary judgment in its favor because their failure to offer the accommodation to Ms. Norwood was de facto discrimination under the ADA. *Midland Brake* at 1169. Accordingly, the grant of summary judgment was wholly improper because there remained a material fact in dispute regarding UPS's good faith in offering Norwood the notetaker. At worst, the District Court weighed credibility. But the District Court's errors continued.

Also, in violation of the summary judgment standard, the District Court improperly granted UPS an inference that UPS's actions following June 28, 2018, was collecting more information. Eric Day continued to tell Ms. Norwood that he

5

needed more information to evaluate her accommodation request. **APX 595**. A reasonable juror could find this was a lie. **APX 2727 & 2743** Noticeably absent in UPS's response is an answer to the crucial question left unanswered by the District Court: What material questions did UPS have unanswered by June 28, 2018 on the notetaker? The answer is none. The reason for this omission is simple: UPS has identified a plausible accommodation, then refused to even tell Ms. Norwood about it- much less grant her the accommodation. UPS created liability for themselves when they engaged in reindeer games thereby refusing to present Ms. Norwood with the notetaker.

If at any point Eric Day had told Ms. Norwood that UPS proposed a notetaker, this lawsuit would have never been filed, but he did not. In fact, the *unrebutted* evidence shows that UPS never told Ms. Norwood this was possible. This Court is left, once again, to emphasize what the spirit of the good faith interactive process means. Is it laying cards on the table and having an open discussion? If so, summary judgment should, at the very least, have been denied, if not granted in favor of the Plaintiff. UPS did not comply with their obligation, because they willfully withheld the notetaker. **APX 2727 & 2743.**[1] Instead, UPS chose to force Ms. Norwood to negotiate against herself. This is something that Ms. Narimatsu says was prohibited

---

[1] Eric Day conceded that he never told Ms. Norwood directly that UPS proposed a notetaker, a fact that cannot be disputed.

by UPS policy. **APX 1659**. Dr. Aliff testified that this caused Ms. Norwood to have a nervous breakdown. **APX 2830, ln. 18 - 2831, ln. 9.** But the District Court refused to consider this testimony. A reasonable jury could conclude that Eric Day and UPS made calculated decisions to engage in this deceptive conduct. The Federal Regulations implementing the ADA are instructive. 29 C.F.R. § Pt. 1630, App. UPS had completed the first three steps of the good faith interactive process. UPS never communicated the notetaker to Ms. Norwood in plan violation of this regulation. Yet, the District Court granted summary judgment? The record in this case does not support summary judgment.

Here, it is unrebutted that Day failed to disclose UPS' agreement to provide a notetaker to Ms. Norwood. A reasonable jury could find that Day lied, but the fact that the notetaker was not offered to her should be enough to deny summary judgment. In *Crump v. U.S. Dept. of Navy by and through Mabus*, 2:13CV707, 2016 WL 8469188, at *2 (E.D. Va. Nov. 30, 2016), the Court held that Crump was never offered the accommodation because it did not come as an official offer letter. The Court found that the jury properly found that an offer was never made. In that case, the Navy sent Ms. Crump an email inquiring about the feasibility of a certain accommodation. The Navy maintained that this was an offer of an accommodation satisfying their requirements under the ADA. *Id*. A jury found that this was not an

7

offer and found in favor of Ms. Crump. In denying the Navy's motion for judgment as a matter of law, the Court wrote:

> As noted above, Plaintiff essentially argues that the December 16, 2011 email was not a formal letter offer of accommodation consistent with Navy procedures and was therefore ineffective. Pl.'s Resp. Br. 15, ECF No. 359. Plaintiff also cites testimony to that effect. Id. Plaintiff argues that trial testimony makes clear that a formal accommodation offer would have to come from Commander Neill, as did the May 24, 2012 offer, and that the December 16, 2011 email was not from her. Id. Finally, Plaintiff argues that she understood the December 16, 2011 email to be a question about whether she would essentially accept Virginia Relay in place of the August 2011 offer of a videophone. Id. at 17-18. With such evidence before it, a reasonable jury could have found that the December 16, 2011 email was not an "offer" of accommodation.

*Id.* at 4.

In this case, the evidence is such that a reasonable juror could believe that Eric Day's email was not an offer of an accommodation. Ms. Norwood had nothing left to contribute to the good faith interactive process. All that was left was the fourth step outlined in the regulations which was an offer of accommodation from UPS because UPS had approved a notetaker for Ms. Norwood. **APX 3979.** At that point, Ms. Norwood could accept or reject the accommodation. But that is not what happened. Instead, Eric Day deceived Ms. Norwood by telling her that UPS needed more information and by withholding the Committee's approval of a notetaker. Along with the District Court's refusal to consider Plaintiff's summary judgment

arguments, these two undisputed facts mandate reversal, as other juries have found in favor of Plaintiffs like Ms. Norwood with similar facts.

## II. UPS FAILS TO ACKNOWLEDGE THE MATERIALITY OF NARIMATSU

Appellee cites several cases to support the District Court's holding regarding ignoring the testimony of Ms. Narimatsu and Dr. Aliff. First, UPS has inappropriately stated the wrong standard of review. This Court reviews a grant of summary judgment de novo, drawing all reasonable inferences and resolving all factual disputes in favor of the non-moving party." *Yousuf v. Cohlmia,* 741 F.3d 31, 37 (10th Cir.2014). This Court conduct that review from the perspective of the district court at the time it made its ruling, ordinarily limiting our review to the materials adequately brought to the attention of the district court by the parties." *Fye v. Okla. Corp. Comm'n,* 516 F.3d 1217, 1223 (10th Cir.2008) (internal quotation marks omitted). Obviously, then the District Court should have considered Ms. Norwood's pleadings. But it did not.

Second, the cases that UPS cites are miscited. UPS first cites to *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 876 (10th Cir. 2004). *Bones* is distinct from the case at bar because Bones was speculating about the motives behind her termination. Bones alleged that she was fired for making a worker's compensation claim. The only evidence that Ms. Bones had provided regarding the retaliatory

intent of her employer was mere conjecture. She merely speculated about the motive. This Court correctly rejected this, but that is not what happened here. Ms. Narimatsu is a high-level UPS HR representative who manages the good faith interactive process for UPS. She understands what is required by UPS policy. Her testimony about whether UPS followed UPS policy is clearly admissible. Under UPS's standard, a Rule 30(b)(6) corporate representative would never be admissible because they do not have personal knowledge. UPS has yet to find a case where hypotheticals are improper to support a summary judgment response. Clearly, this is untenable, and the Court should reject the argument.

UPS continues to erroneously cite to *Jarrett v. Sprint/United Mgmt. Co.*, 37 F. Supp. 2d 1283, 1285 (D. Kan. 1999), aff'd, 203 F.3d 835 (10th Cir. 2000). The citation is improper for two reasons. First, *Jarrett* does not hold what the District Court says it did. *Jarrett* merely states that "in a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Id*. *Jarrett* was a case where the Plaintiff failed to substantively respond to a motion for summary judgment. In that case, the Plaintiff filed a Rule 56(d) affidavit, but the Court rejected it since it was largely speculative. *Id*. That is not applicable to the case at bar and UPS's argument to the contrary is without merit.

10

Further, the argument that all evidence at the summary judgment level must be admissible is erroneous. Rather, this Court has followed the approach set forth by the Supreme Court which requires a showing that if facts are "reduced to admissible evidence, would be sufficient to carry respondent's burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The facts need to be admissible in their present form, rather the facts must be capable of admission at trial. Neither the District Court nor UPS has identified how the facts that Ms. Norwood opposed the motion with are inadmissible. Rather, UPS mis-states the relevant portions of Ms. Narimatsu's testimony. The testimony regarding facial hair was not the crux of the testimony. Rather, Ms. Narimatsu testified that it would be a violation of the good faith interactive process for Eric Day to withhold the notetaker from Ms. Norwood on the July 3, 2018 phone call. Ms. Narimatsu testified the following about the July 3rd phone call:

> Q. Well, if -- if -- if Mrs. Norwood had -- had asked him, hey, Eric, what happened at the meeting? What does UPS propose? Eric should have said, well, we propose a note taker and we need a little bit more information about what meetings you need an agenda for. Isn't that right?
> A. Correct.
> Q. He shouldn't have said, well, we just need more information on what meetings you need an agenda for. He shouldn't have left out the note taker part, should he?
> A. That was all part of the recommendation, so, yeah, he should have included.

> Q. And if he didn't include the -- I mean you've been trained on the -- on the good faith interactive process, haven't you?
> A. Yes.
> Q. And you understand that the good faith interactive process means good faith, right?
> A. Correct.
> Q. And good faith means telling the truth, doesn't it?
> A. Yes.
> Q. And if -- if Eric Day -- and it's a big if. You weren't there on that conversation, were you?
> A. No, I was not.
> Q. If Eric Day told Susan Norwood or – or didn't tell. Let me back up. If Eric -- if Eric Day didn't tell Susan Norwood that the committee had recommended a note taker, then that was wrong, wasn't it?
> A. That would have been -- yeah, he should have mentioned all aspects of what the recommendations were.
> **APX 1622:19-1624:3**.

The undisputed record shows that Eric Day did not tell Ms. Norwood about the notetaker. Ms. Narimatsu testified that his failure to tell Ms. Norwood was not good faith. **APX 1621.** This evidence would be admissible at trial and provides sufficient grounds to reverse the District Court.

The District Court's inappropriate approach on summary judgment below is as simple as the failure to recognize that Dr. Aliff's deposition was attached as Exhibit H. **APX 2771 & 1576**. While UPS continues to perpetuate the falsehood that it was not easily discernable, the fact is the District Court could discern what Exhibit H was.

This logic should go both ways. If the District Court could not consider Exhibit H, the District Court should not be able to consider UPS's Exhibit 3 to their motion for summary judgment. In fact, UPS mislabeled Exhibit 3 as Exhibit 13. **APX 490**. This exhibit was Ms. Norwood's deposition which the District Court repeatedly referenced in its opinion. The mislabeled exhibit did not impact the District Court's analysis of UPS's arguments, as it should not. A mere scrivener's error should not be punished. UPS was not punished, but Ms. Norwood was, resulting in the District Court's error. This error should be reviewed de novo rather than the abuse of discretion standard that UPS asserts. *Yousuf* at 37. Ms. Norwood's Motion for Partial Summary Judgment was filed weeks before UPS', but the District Court granted UPS a substantial extension over Ms. Norwood's objection. Then the District Court refused to review Ms. Norwood's Motion. The District Court's order cannot stand.

## CONCLUSION

The District Court's approach on summary judgment below was plain error. The District Court should have considered Plaintiff's Motion, as well as UPS' motion, resolving inferences against the appropriate moving parties. But the District Court abjectly failed. Not only did the District Court outright refuse to consider Ms. Norwood's Motion in its entirety, the District Court refused to consider Ms. Norwood's mislabeled exhibit but considered UPS' mislabeled exhibit. Did the

District Court grant reasonable inferences in favor of Ms. Norwood? No. Our Constitution talks in terms of a jury trial- not a summary judgment trial. This Court should continue its efforts to hold District Court's to the appropriate standard. This Court should reverse and remand for trial.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel request oral argument. Counsel believes that this Court's disposition of this case will be aided by oral presentation to this Court.

Respectfully submitted,

> LUTHER ONEAL SUTTER (Ark 95031)
> 10th Circuit Bar No. 95031
> **SUTTER & GILLHAM, P.L.L.C.**
> P.O. Box 2012
> Benton, AR 72018
> (501) 315-1910 Office
> (501) 615-1916 Facsimile
> luthersutter.law@gmail.com
>
> By /s/ **Luther Oneal Sutter**
> *Counsel for Appellant Norwood*

## CERTIFICATE OF SERVICE & COMPLIANCE

On 02/09/2022, I served Appellant Norwood's Reply Brief by digital submission, after scanning it for viruses, through this Court's ECF system with an exact copy of this brief, notifying opposing counsel of record to be served. I further certify that within five (5) business days of being accepted by the clerk, I will file seven (7) hardcopies of this brief with the Clerk of the Court pursuant to 10th Cir. R. 31.

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2794 words after excluding parts under Fed. R. App. P. 32(f). It also complies with the typeface and style requirements under Fed. R. App. P. 32(a)(5)–(6) because it was prepared using Microsoft Word 2019 in 14 point, Times New Roman.

By /s/ Luther Oneal Sutter
Luther Oneal Sutter